OPINION *Page 2 
{¶ 1} Defendant-Appellant Bradford P. Moyer ("Moyer") appeals from the December 14, 2006 Judgment Entry of the Court of Common Pleas of Wyandot County, Ohio, finding and designating Moyer as a sexually oriented offender and sentencing him to 17 months in prison for his conviction of Attempted Gross Sexual Imposition, a felony of the fourth degree in violation of Ohio Revised Code sections 2923.02 and 2907.05(A)(4), and 17 months in prison for his conviction of Gross Sexual Imposition, a felony of the fourth degree in violation of R.C. 2907.05(A)(1).
 {¶ 2} On April 19, 2006 a Wyandot County Grand Jury indicted Moyer on one count of Rape, a felony of the first degree in violation of R.C.2907.02(A)(1)(b), and one count of Gross Sexual Imposition, a felony of the fourth degree in violation of R.C. 2907.05(A)(1). On April 20, 2006 Moyer appeared for his arraignment and requested court-appointed counsel. The trial court entered a conditional plea of not guilty on behalf of Moyer as to both charges contained in the indictment. Moyer was released on bond.
 {¶ 3} On November 7, 2006 Moyer appeared before the trial court for a change of plea hearing. At the hearing Moyer entered a plea of no contest to Attempted Gross Sexual Imposition, as set forth in count one of the amended indictment, a felony of the fourth degree in violation of R.C. 2923.02 and *Page 3 
2907.05(A)(4), and to Gross Sexual Imposition, as set forth in count two of the amended indictment, a felony of the fourth degree in violation of R.C. 2907.05(A)(1). After accepting Moyer's pleas of no contest as to both charges, the trial court found Moyer guilty of Attempted Gross Sexual Imposition and Gross Sexual Imposition as contained in the amended indictment. The court ordered that the Adult Parole Authority conduct a pre-sentence investigation and submit a written report of said investigation to the court. Additionally, the trial court revoked Moyer's bond remanded him to the custody of the Wyandot County Sheriff.
 {¶ 4} On December 12, 2006 the trial court conducted a sexual offender designation hearing and sentencing hearing pursuant to R.C. 2929.19. At the hearing the State submitted a Stipulation of Facts, executed by agreement by Moyer, his counsel and the State, for the determination that Moyer was a sexually oriented offender. The court found that the victim in this case was a minor at the time of the offense and that Moyer was over 18 at the time of the offense. Further, the court found and designated Moyer as a sexually oriented offender based upon the evidence, consideration of the Stipulation of Facts, and Moyer's stipulation that he met the definition of a sexually oriented offender.
 {¶ 5} The trial court immediately proceeded to the sentencing portion of the hearing. Moyer's counsel objected to the court's use of any victim impact *Page 4 
statement, use of the pre-sentence investigation report, and use of Moyer's prior misdemeanor offenses. During the sentencing portion of this hearing both the victim's advocate and the victim herself made statements to the court over Moyer's objection.
 {¶ 6} The court ordered Moyer to serve 17 months in prison for his conviction of Attempted Gross Sexual Imposition, and 17 months in prison for his conviction of Gross Sexual Imposition, with the sentences to be served consecutively. The court granted Moyer credit for 37 days served.
 {¶ 7} Moyer now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED BY NOT IMPOSING THE MINIMUM SENTENCE, OR BY IMPOSING MORE THAN THE MAXIMUM SENTENCE SUPPORTED BY THE FACTS ADMITTED TO, FOR ATTEMPTED GROSS SEXUAL IMPOSITION AND GROSS SEXUAL IMPOSITION AFTER MAKING CERTAIN JUDICIAL FACT-FINDINGS WITHOUT THE INTERVENTION OF A JURY OR CONSENT OF APPELLANT.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES FOR ATTEMPTED GROSS SEXUAL IMPOSITION AND GROSS SEXUAL IMPOSITION AFTER MAKING CERTAIN JUDICIAL FACT-FINDINGS WITHOUT THE INTERVENTION OF A JURY OR CONSENT OF APPELLANT.
 {¶ 8} In his first assignment of error, Moyer alleges that the trial court erred in imposing more than the minimum sentence for his convictions of *Page 5 
Attempted Gross Sexual Imposition and Gross Sexual Imposition. In his second assignment of error, Moyer alleges that the trial court erred by imposing consecutive sentences. For ease of discussion, we shall address Moyer's two assignments of error together.
 {¶ 9} As to both assignments of error, Moyer contends that the trial court erred by relying on facts which he did not admit to or a jury did not find. Specifically, Moyer argues that the trial court erred when it relied on the pre-sentence investigation report, statements made by the victim advocate and statements made by the victim. Moyer argues that such reliance by the trial court and the court's subsequent findings had the effect of exposing him to a greater length of prison than authorized by the facts he admitted to, which violated his right to a jury trial.
 {¶ 10} As a preliminary matter, we note that Moyer committed the offenses of Attempted Gross Sexual Imposition and Gross Sexual Imposition prior to, but was sentenced after the Supreme Court of Ohio rendered its decisions in State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856 and State v. Mathis (2006), 109 Ohio St.3d 54,2006-Ohio-855.
 {¶ 11} In Foster, the Supreme Court of Ohio addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B) requiring *Page 6 
judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender, and R.C. 2929.14(C) which requires judicial fact-finding for maximum prison terms.Foster, 2006-Ohio-856 at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856 at ¶ 100; see alsoMathis, 2006-Ohio-855 at paragraph three of the syllabus.
 {¶ 12} In Mathis, decided the same day as Foster, the Supreme Court of Ohio provided as follows:
 As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on re-sentencing, the trial court will have discretion to sentencing within the applicable range, following R.C. 2929.19 procedures.
Mathis, 2006-Ohio-855 at ¶ 37; see also State v. Wentling, 3rd Dist. No. 16-06-03, 2007-Ohio-217.
 {¶ 13} The trial court conducted Moyer's sentencing hearing pursuant to R.C. 2929.19, which provides, in relevant part, as follows: *Page 7 
 (A)(1) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before re-sentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender. * * *
 (B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the pre-sentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.
 {¶ 14} It is undisputed that the trial court considered the record, information presented at the sentencing hearing, the pre-sentence investigation report, the victim's statement and the victim advocate's statement when it sentenced Moyer. (See December 14, 2006 Judgment Entry). Accordingly, we find that the trial court did not err in relying on facts not admitted to by Moyer or found by a jury in imposing his sentences.
 {¶ 15} Additionally, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Moyer's argument that his *Page 8 
sentence violates his due process rights. Moyer was found guilty by the court on two felony counts, both felonies of the fourth degree.
 {¶ 16} Pursuant to R.C. 2929.14(A),
 . . .[i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following: * * *
 (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
 {¶ 17} Accordingly, Moyer could have been sentenced to prison terms of as little as six months for each of his felony convictions, or the maximum prison terms of eighteen months for each of his felony convictions. In this case, the trial court sentenced Moyer to prison terms of seventeen months, respectively, to be served consecutively.
 {¶ 18} We note, as to this case, that the offense occurred subsequent to the United State's Supreme Court's holding in Apprendi v. NewJersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for his felonies has remained unchanged, so Moyer had notice of the potential sentence for his offenses. *Page 9 
 {¶ 19} Based on the foregoing, Moyer's first and second assignments of error are overruled and the December 14, 2006 Judgment Entry of the Wyandot County Court of Common Pleas, sentencing Moyer to 17 months in prison for his conviction of Attempted Gross Sexual Imposition and 17 months in prison for his conviction of Gross Sexual Imposition, to be served consecutively, is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1